1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES KESTER,                            No.  2:20-cv-1516 AC P

12                    Plaintiff,

13          v.                                  ORDER

14    KOKOR, et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19          I.       Application to Proceed In Forma Pauperis

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21    § 1915(a).  ECF Nos. 2, 7.  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4  Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

5  content that allows the court to draw the reasonable inference that the defendant is liable for the

6  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

7  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11  III.   Complaint

12  The complaint alleges that defendants Kokor, Johal, Sommer, Tortorice, and California

13  Correctional Health Care Services (CCHCS) violated plaintiff's rights under the Eighth

14  Amendment. ECF No. 1. Plaintiff alleges that he suffers from degenerative disc syndrome and

15  that in June 2019 defendant Kokor discontinued his prescription for gabapentin for no reason and

16  the prescription was never replaced, leaving him with chronic pain. Id. at 3-4. He further alleges

17  that "defendants CCHCS" and "CCHCS physicians" have denied him treatment for his condition

18  and failed to provide him with corrective surgery. Id. at 3-5.

19  IV.   Claims for Which a Response Will Be Required

20  The allegation that defendant Kokor discontinued plaintiff's pain medication without

21  cause and without prescribing a replacement is sufficient to state a claim for relief and will

22  require a response. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted)

23  (deliberate indifference shown by a purposeful act or failure to respond to plaintiff's pain or

24  medical need and harm cause by indifference).

25  V.   Failure to State a Caim

26  A.   Defendant CCHCS

27  "[A]n unconsenting State is immune from suits brought in federal courts by her own

28  citizens." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (citations omitted). "Will[ v. Mich.

3

1  Dep't of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which

2  have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in

3  either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).  As an arm of the

4  State, CCHCS is therefore immune from suit.

5         B.      Personal Involvement

6         The complaint fails to identify any actions by defendants Johal, Sommer, and Tortorice.

7  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

8  connection between a defendant's actions and the claimed deprivation, Rizzo v. Goode, 423 U.S.

9  362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980), and plaintiff has not

10  alleged any facts showing the necessary personal involvement by any of these defendants.

11       VI.     Leave to Amend

12        For the reasons set forth above, the court finds that the complaint does not state

13  cognizable claims against defendants CCHCS, Johal, Sommer, and Tortorice.  However, it

14  appears that plaintiff may be able to allege facts regarding the involvement of defendants Johal,

15  Sommer, and Tortorice, and he will be given the opportunity to amend the complaint if he desires.

16  Plaintiff may proceed forthwith to serve defendant Kokor on his deliberate indifference claim or

17  he may delay serving any defendant and amend the complaint.

18        Plaintiff will be required to complete and return the attached notice advising the court how

19  he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

20  file an amended complaint.  If plaintiff elects to proceed on his claim against defendant Kokor

21  without amending the complaint, the court will proceed to serve the complaint.  A decision to go

22  forward without amending the complaint will be considered a voluntarily dismissal without

23  prejudice of the claims against defendants CCHCS, Johal, Sommer, and Tortorice.

24        If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

25  about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

26  423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

27  defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

28  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

4

1   connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

2   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

3   participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

4   268 (9th Cir. 1982) (citations omitted).

5          Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

6   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

7   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

8   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

9   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

10  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

11  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

12  the original complaint no longer serves any function in the case.  Therefore, in an amended

13  complaint, as in an original complaint, each claim and the involvement of each defendant must be

14  sufficiently alleged.

15  VII.    Plain Language Summary of this Order for a Pro Se Litigant

16         Your request to proceed in forma pauperis is granted and you are not required to pay the

17  entire filing fee immediately.

18         Some of the allegations in the complaint state claims against the defendants and some do

19  not.  You have stated a claim for deliberate indifference against defendant Kokor, who will be

20  required to respond to the complaint.  You have not stated any claims against defendants CCHCS,

21  Johal, Sommer, and Tortorice because CCHCS cannot be sued and you have not explained what

22  Johal, Sommer, and Tortorice did or did not do that you believe violated your rights.

23         You have a choice to make.  You may either (1) proceed immediately on your claim

24  against Kokor and voluntarily dismiss your claims against the other defendants or (2) try to

25  amend the complaint.  If you want to go forward without amending the complaint, you will be

26  voluntarily dismissing without prejudice your claims against defendants CCHCS, Johal, Sommer,

27  and Tortorice.  If you choose to amend your complaint, the amended complaint must include all

28  of the claims you want to make, including the ones that have already been found to state a claim,

1   because the court will not look at the claims or information in the original complaint.  **Any claims**

2   **not in the amended complaint will not be considered.**  You must complete the attached

3   notification showing what you want to do and return it to the court.  Once the court receives the

4   notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint

5   or wait for defendants to be served).

6           In accordance with the above, IT IS HEREBY ORDERED that:

7           1.  Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

8           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

9   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

10  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

11  Director of the California Department of Corrections and Rehabilitation filed concurrently

12  herewith.

13          3.  Plaintiff's claims against defendants CCHCS, Johal, Sommer, and Tortorice do not

14  state claims for which relief can be granted.

15          4.  Plaintiff has the option to proceed immediately on his deliberate indifference claim

16  against defendant Kokor as set forth in Section IV above, or to amend the complaint.

17          5.  Within fourteen days of service of this order, plaintiff shall complete and return the

18  attached form notifying the court whether he wants to proceed on the screened complaint or

19  whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court

20  will assume that he is choosing to proceed on the complaint as screened and will recommend

21  dismissal without prejudice of the claims against defendants CCHCS, Johal, Sommer, and

22  Tortorice.

23  DATED: July 19, 2021

24  _____
    ALLISON CLAIRE

25  UNITED STATES MAGISTRATE JUDGE

26

27

28

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES KESTER,                              No.  2:20-cv-1516 AC P

12                 Plaintiff,

13        v.                                    PLAINTIFF'S NOTICE ON HOW TO
                                                PROCEED
14   KOKOR, et al.,

15                 Defendants.

16

17        Check one:

18   _____ Plaintiff wants to proceed immediately on his deliberate indifference claim against

19        defendant Kokor without amending the complaint.  Plaintiff understands that by going

20        forward without amending the complaint he is voluntarily dismissing without prejudice

21        his claims against defendants CCHCS, Johal, Sommer, and Tortorice pursuant to Federal

22        Rule of Civil Procedure 41(a).

23

24   _____ Plaintiff wants to amend the complaint.

25

26   DATED:_____

27                                         _____
                                           James Kester
28                                         Plaintiff pro se

                                           1